**Opinion issued August 12, 2021**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00817-CV

_____

**HOLLY DAWN RUTHVEN A/K/A HOLLY DAWN RUTHVEN-MAIN, Appellant**

**V.**

**D.  ELAINE  WIKE, Appellee**

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 15-CV-1153**

---

## MEMORANDUM OPINION

Appellant, Holly Dawn Ruthven, has failed to timely file a brief. *See* TEX. R. APP. P. 38.6(a) (governing time to file brief), 38.8(a) (governing failure of appellant to file brief). Appellee, acting pro se, has filed a motion to dismiss the appeal for

want of prosecution for failure to timely file a brief. *See* TEX. R. APP. P. 42.3(b) (allowing involuntary dismissal of case). We grant appellee's motion to dismiss.

## Discussion

Appellant's brief was originally due on February 27, 2020. Although appellant's counsel has filed numerous pleadings and received numerous extensions, she has failed to file a brief on behalf of appellant almost *eighteen months* later. The following summary illustrates the consistent failure to file a brief in this case:

- *Appellant's First Extension Request.* On February 26, 2020, appellant filed a motion requesting an extension of time of 30 to 60 days to file appellant's brief. Our Court granted the motion, providing appellant a 60-day extension to April 27, 2020.

- *Appellant's Second Extension Request.* On April 27, 2020, appellant filed a second extension motion (along with a supplemental motion on April 29, 2020) requesting an additional 60-day extension to file appellant's brief. Our Court granted appellant a 60-day extension to June 30, 2020 with no further extensions.

- *Appellant's Third and Fourth Extension Requests.* On June 30, 2020, appellant filed a third extension motion requesting an additional 15-day extension to file appellant's brief. On July 22, 2020, after appellant failed to file a brief by the date requested in the extension motion, appellant filed an "amended" motion requesting an additional extension to August 30, 2020. This amended motion was appellant's fourth extension request. Appellee filed a response in opposition to the extensions and requested dismissal of the appeal. Our Court granted appellant an extension to August 31, 2020 to file appellant's brief and, again, warned that further extensions would not be granted.

- *Appellant's Fifth and Sixth Extension Requests.* On September 1, 2020, appellant filed a fifth extension motion requesting an additional 15-day extension to file appellant's brief. On September 18, 2020, after again failing to file a brief by the date requested in appellant's extension

2

motion, appellant filed another "amended" motion requesting an additional 30-day extension from August 31, 2020. This amended motion was appellant's sixth extension request.

- ***Appellee's Motion to Dismiss and Appellant's Seventh Extension Request.*** On October 13, 2020, appellee filed a motion requesting that our Court deny appellant's extension motions and dismiss the appeal for failure to file a brief. Appellee's motion noted appellant's various extension motions, including supplements and amendments thereto. On February 2, 2020, appellant filed a combined pleading consisting of (1) a response to appellee's dismissal motion and (2) a seventh motion for an extension of time to April 1, 2021. In separate orders, our Court (1) granted appellant's motion to extend the time to file appellant's brief to April 1, 2021, again warning that further extensions would not be granted and (2) denied appellee's motion to dismiss.

- ***Appellant's Eighth Extension Request.*** On April 19, 2021, appellant filed an eighth extension motion requesting a further extension to June 1, 2021. Our Court granted appellant a final extension of time to May 17, 2021 and again stated no further extensions would be granted. Appellant did not file a brief by the extended deadline.

- ***Appellee's Pending Motion to Dismiss and Appellant's Subsequent Ninth, Tenth, and Eleventh Extension Requests***. On May 19, 2021, appellee filed another motion to dismiss the appeal for want of prosecution, noting appellant's consistent failure to file a brief despite numerous extensions. On June 2, 2021, appellant again filed a combined pleading consisting of (1) a response to appellee's dismissal motion and (2) a ninth motion for an extension of time to June 17, 2021. Appellee filed a response in support of the motion to dismiss. On June 15, 2021, appellant filed an "amended" pleading (1) further opposing the motion to dismiss and (2) requesting a tenth extension of time to file a brief to July 17, 2021. On July 21, 2021, appellant filed yet another combined pleading (1) further opposing appellee's motion to dismiss and (2) requesting an eleventh extension of time to file appellant's brief.

We may dismiss an appeal for want of prosecution where an appellant fails to timely file a brief "unless the appellant reasonably explains the failure and the

appellee is not significantly injured by the appellant's failure to timely file a brief." TEX. R. APP. P. 38.8(a)(1). Counsel's extension motions largely assert that disruptions from the COVID-19 pandemic and counsel's own health issues have hindered her ability to file a brief. Although we are sympathetic to the disruptions caused by the pandemic and counsel's asserted health issues, appellant has not reasonably explained the failure to file a brief eighteen months after the original due date. *See, e.g., Carrigan v. Edwards,* No. 13-20-00093-CV, 2020 WL 6504418, at *1–2 (Tex. App.—Corpus Christi–Edinburg Nov. 5, 2020, pet. denied) (mem. op) (dismissing appeal where appellant failed to file brief after 79-day extension due to pandemic and noting "the pandemic conditions do not generate a blanket excuse which can be used to extend deadlines indefinitely"). Indeed, counsel's alleged inability to file a brief on behalf of appellant is belied by the numerous pleadings counsel has filed throughout this case.

## Conclusion

As demonstrated above, appellee's motion to dismiss the appeal for failure to file a brief is well-founded. Appellant's brief was originally due nearly eighteen months ago. After numerous extensions of time and repeated warnings that further extensions would not be granted, appellant failed to file a brief. Instead, appellant's counsel chose to file various pleadings rather than file a brief**.** Accordingly, we (1)

deny all pending extension motions by appellant and (2) dismiss the appeal for want of prosecution. Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Countiss.